**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **GIOVANNI CORTES SANTANA**<br><br>Plaintiff,<br><br>v.<br><br>**ST. JAMES SECURITY SERVICES, INC; ABC INSURANCE COMPANIES, DEF UNKNOWN DEFENDANTS**<br><br>Defendants. | CIVIL NO.<br><br>RE: AGE DISCRIMINATION, RETALIATION AND OTHER DAMAGES<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

# C O M P L A I N T

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, Giovanni Cortes Santana ("Cortes"), through his undersigned counsels and very respectfully **ALLEGES, SOLICITS** and **PRAYS**:

### I. NATURE OF THE ACTION AND JURISDICTION

1. Plaintiff Cortes invokes this Honorable Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 for this action seeking compensatory damages, equitable and injunctive relief, costs and attorney's fees brought forth pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* as a result of defendant St. James Security Services, Inc.'s unlawful employment practices (hostile work environment age discrimination and retaliation) against Cortes which lead to multiple continuous violations of Cortes' civil rights due to his age because he engaged in statutorily protected activity opposing such violations as allowed by the ADEA and applicable Puerto Rico law.

2. Plaintiff Cortes further summons this Honorable Court's pendent/supplemental jurisdiction under 28 U.S.C. § 1367 seeking redress for violations of various Puerto Rico laws, including but not limited to, Law No. 115 of December 20, 1991, 29 L.P.R.A. §§ 194a *et seq.*; Law No. 100 of June 30, 1959, 29 L.P.R.A. §§ 146 *et seq.*; and Puerto Rico's Constitution, Article II, Sections 1, 8, 16, 20.

3. Plaintiff Cortes invokes this Honorable Court's supplemental/pendent jurisdiction under 28 U.S.C. § 1367 to hear and decide those claims arising under the Commonwealth of Puerto Rico's Constitution and other Puerto Rico laws invoked herein because such claims arose from the same nucleus of operative facts giving rise to Plaintiff's federal claims under the ADEA.

4. Plaintiff Cortes timely filed administrative charges for the above-stated continuous unlawful employment practices against his employer, Defendant St. James Security Services. Inc., (hereinafter "St. James") with the Equal Employment Opportunity Commission ("EEOC").  Such charge was assigned number 510-2009-05695.

5. On or about April 21, 2011, Plaintiff Cortes received a Notice of Right to Sue issued by the EEOC hereby allowing Plaintiff Cortes to timely file the present federal lawsuit claiming violations to the ADEA and other laws previously cited.  Such Notice of Right to Sue was mailed on April 18, 2011.

6. On or about June 9, 2011, Plaintiff Cortes received another Notice of Right to Sue issued by the EEOC under charge number 515-2009-00615 hereby allowing Plaintiff Cortes to file the present federal lawsuit claiming violations to the ADEA and

other laws previously cited. Notice of Sue Rights for this charge was mailed on June 6, 2011.

7. Plaintiff Cortes seeks redress for the damages he suffered and continues to suffer as a result of defendant's continuous unlawful employment discriminatory practices on the basis of his age and for retaliation because Plaintiff Cortes engaged in statutorily protected activity by opposing the unlawful employment practices described herein below as he complained, filed charges and testified before the EEOC.

8. Plaintiff Cortes has been further retaliated because he opposed the age discrimination he was a victim of by complaining with St. James' Human Resources Department.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) (1), (2).

## II. THE PARTIES

10. Cortes is of legal age, married, a security guard, resident and citizen of Aguadilla, Puerto Rico, and a citizen of the United States of America. Cortes was born in Puerto Rico.

11. At all relevant times of the facts alleged in this Complaint, Cortes was within ADEA's protected age group. At present, he is forty five (45) years old.

12. Cortes is by profession a Security Guard.

13. At all the relevant times of the facts alleged in this Complaint, Cortes has been and continues to be an "employee" within the definition of such term as defined by Section 11 (f) of ADEA, 29 U.S.C. § 630(f). Cortes is also an employee under the definitions of such terms as provided by the laws of the Commonwealth of Puerto Rico that have been invoked herein.

14. At all relevant times of the facts alleged in this Complaint, Cortes was an employee of St. James.

15. Defendant St. James is upon information and belief a corporation duly organized and operating under the Laws of the Commonwealth of Puerto Rico.

16. St. James is a corporation which provides security services, including consulting, investigative and executive protection security work for the public and private sector, and as such, it is engaged in an industry affecting commerce, within the meaning of the ADEA. St. James is also considered a "person" within the meaning of Section 11(a) of ADEA, 29 U.S.C. § 630(a).

17. St. James is an "employer" within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b), and all the Puerto Rico statutes which have been invoked herein.

18. At all relevant times hereto, St. James has employed twenty or more (20+) employees.

19. At all relevant times to the facts alleged in this Complaint, St. James was Plaintiff Cortes' employer.

20. Defendants ABC Insurance Companies are the insurers of all defendants herein. Defendants ABC Insurance Companies have insurance policies which at all times relevant hereto, were in full effect and cover the liabilities and/or unlawful acts which were committed by the defendant herein mentioned. Plaintiff Cortes is using the fictitious names of ABC because at this time he does not know the real names of such insurance companies. Once the real names become known, Plaintiff Cortes will substitute those fictitious names with the real names of such party defendants.

21. Defendants DEF are other parties that have engaged in unlawful acts against Plaintiff Cortes. Plaintiff Cortes is using the fictitious names of DEF because at this time he does not know the real names of such party defendants. Once the real names become known, Plaintiff will substitute those fictitious names with the real names of such party defendants.

22. All Defendants have received actual knowledge of Cortes' administrative charges claiming age discrimination and retaliation which were timely filed before the EEOC, as previously averred.

23. All Defendants have jointly participated in continuous acts of unlawful employment discrimination and retaliation against Plaintiff Cortes on account of his age, and because Cortes engaged in statutorily protected activity by filing the aforementioned administrative charges with the EEOC, and by otherwise opposing unlawful employment practices in violation to federal and Puerto Rico laws.

24. All defendants are jointly liable for the damages caused to Plaintiff Cortes.

### III.   FACTUAL NARRATIVE COMMON TO ALL CLAIMS

25. Plaintiff Cortes began his employment with St. James on December 5, 1993.

26. Since then, Plaintiff Cortes has worked uninterruptedly for St. James as a Security Guard, until June 9, 2009 when he was illegally terminated from his employment because of his age.

27. Immediately prior to his termination, Cortes had been performing security guard services at the facilities of Universidad Metropolitana (UMET) in Aguadilla; specifically protecting Parking Lot number two (2).

28.     From the date of his hiring until June 9, 2009, Cortes had received salary increases from St. James and was performing his work within his employer's expectations.

29.     At that time, the UMET facilities in Aguadilla required that St. James security personnel be posted at three different locations; Parking lot number 1; Parking lot number 2 and the lobby.

30.     Cortes worked from 3:00 p.m. to 11:00 p.m. providing security to Parking lot number 2. That was the only shift assigned to Parking number 2.

31.     On June 9, 2009, at approximately 5 p.m., Cortes learned from fellow guard A. Ortiz Cedeño, ("Ortiz") that Commander Vicente Cruz ("Cruz") had instructed and/or ordered that he (Cortes) needed to leave the premises and not come back until further notice.

32.     As instructed, Cortes left the premises and went home. In his mind he had been terminated from his employment.

33.     No reason or explanation was given at the time, by neither Ortiz nor Cruz to justify St. James' unlawful discriminatory personnel action against Cortes.

34.     Later during the day, Cortes called Cruz and the latter confirmed his previous orders given to and relayed by Ortiz. At that particular time, and in a menacing and humiliating way, Cruz told Cortes he needed to leave and go collect unemployment benefits until further notice.

35.     Cruz also told Cortes that he was not needed in the Company because Parking number 2 had been closed until further notice. This information turned out to be

false and was a pretext used by St. James to discriminate against Cortes due to his age.

36. As a matter of fact, Parking number 2 never closed.

37. Two younger and less senior employees than Cortes kept providing security services to Parking number 2. These two fellow guards were Benito Lopez and Miguel Lorenzo (approximately 30 and 24 years of age, respectively at the time).

38. After leaving the unemployment offices, on June 15, 2009, Cortes received a confidential call urging him to go and see by himself who was working and/or providing security services in Parking number 2.

39. Cortes went to the UMET facilities and as a matter of fact found out that fellow guard Benito Lopez ("Lopez"), who is younger and less senior than Cortes was providing security services to Parking number 2.

40. Lopez told Cortes that Parking number 2 had never closed and that Commander Cruz had instructed him to continue providing security services to said Parking number 2.

41. Lopez also told Cortes that fellow guard Miguel Lorenzo had also been assigned and had been working at Parking number 2 immediately after Cortes had been terminated from his employment.

42. Feeling deceived, angry and betrayed, Cortes called St. James Human Resources Department and complained to Sheila Rodriguez ("Rodriguez") about the discriminatory actions and animus against him. Cortes voiced and complained to Rodriguez that he had been discriminated against because of his age.

43. Rodriguez initial response was that, if what Cortes was narrating was true then St. James had the legal obligation to immediately reinstate Cortes to his prior employment.

44. Rodriguez told Cortes that she would confront Commander Cruz with these serious allegations. Rodriguez further promised to call Cortes back within the day with St. James' official response to Cortes' personnel grievance age discrimination claim lodged with St. James' Human Resources Department.

45. Despite her assurances to Cortes, Rodriguez never called back.

46. As a consequence of St. James actions, Cortes timely filed at the EEOC the ADEA administrative charge No. 510-2009-05695.

47. On August 17, 2009 Cortes was reinstated to his previous post assigned to Parking number 2.

48. However, this reinstatement was only temporary and pre-textual. Five (5) weeks after reinstatement, Cortes was unlawfully and in retaliation for having complained and opposed the age discrimination against him, transferred to a different post at a remote and lone dispatch at the Autoridad de Energia Electrica (AEE), Puerto Rico Electric Power Authority's facilities in Aguadilla, Puerto Rico, while other St James' security guards who were younger and less senior than Cortes remained working at UMET's facilities.

49. Cortes was told that he was being transferred because UMET'S chief of security had purportedly complained that Cortes "failed to comply with his expectations".

50. This latest illegal transfer was done solely in retaliation because Cortes had previously testified, assisted and participated in the ADEA charges filed at the EEOC.

51. The reasons for Cortes's transfer are pre-textual and are an attempt to shroud the real reasons for said action that is, employment discrimination and retaliation in violation of the ADEA and Puerto Rico laws.

52. Not only was Cortes illegally transferred, but he was again replaced by a much younger fellow guard (23 years of age) that happened to be Commander Cruz's son.

53. These unlawful actions damaged and affected Cortes' dignity and reputation and his rights to have peace within his personal and family life.

54. A Notice of Right to Sue which found reasonable cause to believe that violations of the ADEA had occurred was sent to Cortes. Said notice was mailed by the EEOC on April 18, 2011. As such, all defendants herein received actual notice of Cortes employment discrimination charge, thereby tolling any applicable statute of limitations period.

55. St. James further has unlawfully continued its pattern of retaliatory treatment and hostile working environment towards Cortes by unnecessarily delaying the approval of Cortes statutory right to enjoy his accrued vacation leave.

56. This retaliatory treatment is evidenced by Commander Cruz's deliberate inaction to approve Corte's request for vacation leave even when Cortes continually requested Cruz to approve in writing his vacation leave.

57. Even though said request had been made since April 20, 2011, it was kept unattended for months, with the sole purpose to injure Cortes because of his age and in retaliation for the filing of the ADEA administrative charge and his opposition to age discrimination with St. James' Human Resources Department.

58. Ultimately and only after Cortes repeated requests for the approval of his vacation leave, was the vacation request approved only eight days before it was set to begin.

### IV.   FIRST CAUSE OF ACTION
### (Age Discrimination in violation of ADEA)

59. Plaintiff re-alleges each and every preceding allegation as if fully set forth herein and incorporates them by reference hereto.

60. Defendants have discriminated against Plaintiff on account of his age.

61. Defendants have willfully violated ADEA on account of his age.  As such, defendants are liable in compensatory damages against Plaintiff Cortes for their unlawful conduct.

62. Plaintiff Cortes hereby requests compensatory damages, back pay as a result of Defendants' discriminatory practices.

### V.  SECOND CAUSE OF ACTION
### ADEA: Retaliation

63. Plaintiff Cortes re-alleges each and every preceding allegation as if fully set forth herein and incorporates them by reference hereto.

64. Defendants have willfully violated ADEA's provisions by engaging in discriminatory employment practices against Plaintiff Cortes on account of his age and

in retaliation because he engaged in statutorily protected activity. As such, defendants are liable in compensatory damages against Plaintiff Cortes for their unlawful conduct.

65. Plaintiff Cortes hereby requests back pay for those periods that he was without work as a result of Defendants' discriminatory practices.

## VII. THIRD CAUSE OF ACTION
### (Violation of Puerto Rico Constitutional Rights)

66. Plaintiff re-alleges each and every preceding allegation as if fully set forth herein and incorporates them by reference hereto.

67. Defendants have jointly violated Plaintiff Cortes' rights secured under Article II, Sections 1, 8, 16 and 20 of Puerto Rico's Constitution by violating his dignity, privacy, reputation, health at the work place and discriminating against his on the basis of his age.

68. Plaintiff is entitled to compensatory damages and back pay. Plaintiff has suffered considerable economic and personal damages as a result of Defendants' conduct.

## VIII. FOURTH CAUSE OF ACTION
### (Violation to Puerto Rico Laws Nos. 115 and 100)

69. Plaintiff Cortes re-alleges each and every preceding allegation as if fully set forth herein and incorporates them by reference hereto.

70. Defendants have violated Plaintiff Cortes' rights secured under Puerto Rico Laws Nos. 115 and 100, previously cited to herein. Defendant has discriminated against Plaintiff Cortes on account of his age and in retaliation for having engaged in statutorily-protected conduct.

71.     Plaintiff Cortes is entitled to compensatory damages and back pay. Plaintiff has suffered economic and personal damages as a result of Defendants' unlawful conduct.

**WHEREFORE**, premises considered, Plaintiff prays that this Honorable Court enter Judgment against defendants and grant Plaintiff the following relief:

(a)     An award of compensatory damages, including but not limited to back pay and prejudgment interests, of not less than $750,000.00.

(b)     An award of double compensatory damages under Laws No. 115 and 100;

(c)     An award of costs and reasonable attorney's fees;

(d)     Injunctive relief ordering Defendant to stop retaliating against Plaintiff;

(e)     Any other and further relief, which this Court may deem just, and proper.

(f)     A trial by jury.

In San Juan, Puerto Rico, this 13th day of July, 2011.

**RESPECTFULLY SUBMITTED.**

_____   |   _____
**/s/ MANUEL E. LOPEZ FERNANDEZ**       **/s/ JOSÉ G. FAGOT DÍAZ**
**USDC PR NO. 205507**                  **USDC PR No. 204112**
**Attorney for Plaintiff**              **Attorney for Plaintiff**
B-12 Paseo del Prado                    1890 Pasionaria Street
San Juan, PR 00926                      Río Piedras, PR 00927-6612
Tel.: (787) 562-2040                    Tel.: (787) 763-1351
email: lcdomanuel.lopez@gmail.com;      Fax: (787) 763-8014
manrique.lopez@hotmail.com              email: jgf@fagot-law.com